IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOSHUA H. AYCOCK, )<br>   APPELLANT, )<br> )<br>vs. )<br> )<br>UNITED STATES OF )<br>AMERICA, )<br> )<br>   APPELLEE. )<br> ) | 5:15-po-00406-LSC-HGD-1 |

### Memorandum of Opinion

This case is before the Court on appeal by the defendant, Joshua H. Aycock, from a finding of guilty by the United States Magistrate Judge for failing to retrieve migratory birds in violation of 50 C.F.R. § 20.25. The appeal is timely and has been briefed by the parties. Aycock raises four issues on appeal: (1) he challenges the Magistrate Judge's jurisdiction to decide the case because the violation notice was not sworn to or signed by a Magistrate Judge; (2) he challenges the sufficiency of the evidence to support his conviction; (3) he challenges the Magistrate Judge's interpretation of what "reasonable efforts" means under 50 C.F.R. § 20.25; and (4) he challenges the Magistrate Judge's rejection of his defense of necessity.

I.  **BACKGROUND**

The underlying facts central to this appeal revolve around a Thanksgiving Day duck hunt near sewage ponds owned by the Town of Cherokee. Aycock hunted from a duck blind near the ponds with two friends. While Aycock himself did not shoot any birds that day, the other individuals in his blind shot birds and failed to retrieve them from the ponds. The two individuals in the blind with Aycock later pled guilty for their failure to retrieve those ducks in violation of 50 C.F.R. § 20.25. The ponds had a large amount of duckweed in them, traceable to migratory birds landing on the ponds. The duckweed from the birds caused the ponds to develop a high E. coli count, which prompted the Alabama Department of Environmental Management to advise the town to lower the bird population around the ponds. Aycock, along with other individuals, was given permission by the city council to hunt on the pond as long as he did not go out onto the pond or use city equipment while hunting. The town then instructed an employee to check the ponds daily (except for holidays and weekends) and remove the dead ducks that had washed to the shore.

Aycock was issued a notice of violation for aiding and abetting his two friends in their shooting and failing to retrieve the birds from the pond. The notice of

violation contained a "statement of probable cause" and was signed under oath by John Rawls, an officer with the United States Fish and Wildlife Service.

## II.  STANDARD OF REVIEW

When a defendant appeals the judgment of a Magistrate Judge convicting him of a petty offense or other misdemeanor "the defendant is not entitled to a trial *de novo* by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58. "Subject matter jurisdiction of the [trial] court is a question of law subject to *de novo* review." *United States v. Moore*, 443 F.3d 790, 793 (11th Cir. 2006). Similarly, with regard to issues of statutory interpretation, this Court reviews the Magistrate Judge's decisions *de novo*. *United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). With regard to Aycock's contentions that the evidence both failed to support a conviction and that the evidence established the defense of necessity, "[t]he Court reviews [the] sufficiency of the evidence *de novo*, with the evidence being viewed in the light most favorable to the government." *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999); *see also United States v. Gant*, 691 F.2d 1159, 1161–62 (5th Cir. 1982) (noting that courts "review the record in a light most favorable to the government" when addressing "whether the record contains

sufficient evidence to support the conviction or whether the evidence establishes the defense of . . . necessity").

## III. Discussion

Aycock first contends that the Magistrate Judge did not have subject matter jurisdiction because his notice of violation was not sworn to and lacked a federal magistrate judge's signature. However, Aycock has already raised this issue in this appeal by filing a "Motion to Dismiss." (Doc. 12.) This Court addressed the merits of Aycock's jurisdictional argument when ruling on that motion. For the same reasons stated in that Memorandum of Opinion and Order (Doc. 21), this Court holds that the Magistrate Judge had subject matter jurisdiction in this case.

Aycock further challenges the sufficiency of the evidence supporting his conviction for aiding and abetting because he did not shoot any birds.[1] "Under an aiding and abetting theory, the government must prove that the defendant in some way associated himself with the criminal venture, that he wished to bring it about, and that he sought by his actions to make it succeed." *United States v. Broadwell*, 870 F.2d 594, 608 (11th Cir. 1989). "Although neither 'mere presence' nor 'mere flight' is sufficient to uphold a conviction for aiding and abetting, presence or flight

---

[1] Aycock also notes that the notice of violation did not state a violation of 18 U.S.C. § 2, the aiding and abetting statute under which Aycock was convicted. However, a defendant "can be found guilty as an aider and abettor pursuant to 18 U.S.C. § 2 even though the indictment [or other charging instrument] did not specifically charge him as an aider and abettor." *United States v. Broadwell*, 870 F.2d 594, 607 (11th Cir. 1989).

coupled with other evidence of guilt can be adequate to sustain the conviction." *United States v. Bryant*, 671 F.2d 450, 454 (11th Cir. 1982) (quoting *United States v. Schwartz*, 666 F.2d 461, 463 (11th Cir. 1981)). In other words, "[p]ut simply, 'a person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission.'" *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015) (quoting *Rosemond v. United States*, 134 S. Ct. 1240, 1245 (2014)).

Aycock cites *United States v. Morgan*, a Fifth Circuit case that addressed the defendant's conviction for possessing more ducks than the daily bag limit allowed. *United States v. Morgan*, 311 F.3d 611 (5th Cir. 2002). The *Morgan* defendant argued that he had not exceeded the daily bag limit but instead had retrieved birds shot by fellow hunters, which was justified because he thought he would be committing "wanton waste" in violation of 50 C.F.R. § 20.25. *Id.* at 616. The Fifth Circuit rejected the defendant's justification defense, noting that the defendant had a reasonable, legal alternative to violating the law because "[i]n fact, as [the defendant] concedes, the regulation concerning wanton waste does not apply to an individual who leaves a bird he did not shoot." *Id.*

Aycock contends that this statement requires that he have killed a bird to be guilty under 50 C.F.R. § 20.25. However, the *Morgan* court appeared only to be

taking the defendant's own understanding of the law and using that concession to reject his affirmative defense in place of conducting its own legal analysis regarding the parameters of a § 20.25 violation.

Here the evidence showed that Aycock fired his gun three to four times, missing each time, but that the two other hunters in his blind had better luck hitting birds, which landed in the pond where they were unable to be retrieved or were otherwise left and not bagged. The evidence does not show that Aycock took any affirmative act to further his comrades' failure to retrieve the ducks that they shot. Aycock had no duty to retrieve birds shot by his friends, and he was nothing more than merely present to witness the violations. Without further evidence of guilt, Aycock's mere presence in the blind is insufficient to support his conviction for aiding and abetting his friends' violations, even when viewing the evidence in the light most favorable to the government. The Magistrate Judge erred in concluding that sufficient evidence supported Aycock's conviction for aiding and abetting. Because reversal is warranted, the Court need not address Aycock's additional challenges in this appeal.

## IV. Conclusion

After carefully reviewing the record, the conviction of Joshua H. Aycock in the above-styled case is due to be reversed and the charges referenced above are hereby dismissed. A separate Order consistent with this Memorandum of Opinion will be entered contemporaneously herewith.

**DONE** AND **ORDERED** ON May 23, 2016.

                                                              _____
                                                              L. Scott Coogler
                                                              United States District Judge
                                                                                                      182184